UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RUTGERS CASUALTY INSURANCE COMPANY,          CIV:

                                Plaintiff,

                                                    **COMPLAINT**

        -against-

THE ANDREWS ORGANIZATION,
HOME IMPROVEMENT CONSTRUCTION CORP.,
ALI KESHAVARZ, and NADYA RASHEED,

                                Defendants,

-----------------------------------------------------------------X

        Plaintiff, Rutgers Casualty Insurance Company ("Rutgers" or "Plaintiff") by and through

its attorneys, Miranda Slone Sklarin Verveniotis LLP, complaining of the defendants, alleges,

upon information and belief, as follows:

                                **THE PARTIES**

        1.      At all relevant times, Plaintiff, Rutgers, was, and still is, a corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey, and a citizen of

New Jersey, with its principal place of business located at 2250 Chapel Avenue #200, Cherry Hill,

New Jersey 08002.

        2.      At all relevant times, the defendant THE ANDREWS ORGANIZATION

("ANDREWS") was and still is a citizen of the State of New York in that it is domestic business

corporation organized and existing under and by virtue of the laws of the State of New York, with

its principal place of business located at 666 Broadway, NY, NY 10012.

        3.      At all relevant times, the defendant HOME IMPROVEMENT CONSTRUCTION

CORP. ("HI CONSTRUCTION") was and still is a citizen of the State of New York in that it is a

domestic business corporation organized and existing under and by virtue of the laws of the State

of New York, with its principal places of business located at 225 West 70th Street Suite A, New York, New York, 10023 and 1201 Broadway, Unit 607, New York, New York 10010.

4.     At all relevant times, the defendant ALI KESHAVARZ ("KESHAVARZ") was and still is a citizen of New York, residing at 132 Perry Street, Unit 2E, New York, NY 10014.

5.     At all relevant times, the defendant NADYA RASHEED ("RASHEED") was and still is a citizen of New York, residing at 132 Perry Street, Unit 2E, New York, NY 10014.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

7.     An actual justiciable controversy exists between the parties as to the coverage afforded under insurance policies issued by Rutgers to HI Construction, as applicable to the claims asserted or recovery sought as to those damages occurring at 132 Perry Street, Unit 2E, New York, New York 10014 (the "Rasheed Claim").

8.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the defendants ANDREWS, HI CONSTRUCTION, KESHAVARZ, and RASHEED reside in this district, the underlying action is pending in this District, and the events occurring in the Rasheed Claim occurred in this district.

9.     Plaintiff seeks a declaration as to rescission of policies of insurance, or, in the alternative, as to a disclaimer of coverage under policies of insurance as to the claims asserted in the Rasheed Claim, and plaintiff has no adequate remedy at law.

## UNDERLYING CLAIM AND ACTION

10.     In the Rasheed Claim, ANDREWS, HI CONSTRUCTION, KESHAVARZ, and RASHEED are seeking damages for property damage allegedly sustained at 132 Perry Street, Unit 2E, New York, New York 10014.

11.     All of the claims asserted in the Rasheed Claim pertain to property damage sustained at 132 Perry Street, Unit 2E, New York, New York 10014.

## REQUEST FOR DECLARATION OF RESCISSION OF POLICIES

12.     The Plaintiff repeats and re-alleges each and every allegation contained in this complaint number 1 through 11, as if fully set forth at length herein.

13.     Rutgers issued policies of insurance numbered SKP 2504732 10 for the policy period from July 9, 2016 through July 9, 2017 (the "2016 Policy"), Policy Number SKP 2504732 11 for the policy period from July 9, 2017 through July 9, 2018 (the "2017 Policy")(collectively referred to herein as the "Policies"), as well as Policy Number CUP 2504733 10 for the policy period from July 9, 2016 to July 9, 2017, and policy number CUP 2504733 11 for the policy period from July 9, 2017 to July 9, 2018 (collectively referred to herein as the "Umbrella Policies")  to Home Improvement Construction Corp ("HI Construction").

14.     HI CONSTRUCTION applied for a Policy with Rutgers on July 6, 2016.

15.     HI CONSTRUCTION in its application, listed its primary operations as "Interior Painting, Carpentry & Tile Installation."

16.     HI CONSTRUCTION in its Contractors Supplemental Application, stated its construction work consisted of 30% Carpentry, 35% Painting and 35% Tile, and left blank many direct questions regarding the types of construction it was involved in, including but not limited to, concrete, roofing, electrical, demolition, floor sanding, stripping or buffing, and insulation.

3

17.     HI CONSTRUCTION, in its Contractors Supplemental Application, stated to Rutgers that it had one owner, one full-time employee, and zero (0) part time employees, which was material information upon which Rutgers relied.

18.     HI CONSTRUCTION, in its Contractors Supplemental Application, provided information to Rutgers as to payroll, which was material information upon which Rutgers relied.

19.     HI CONSTRUCTION, in its Contractors Supplemental Application, provided information to Rutgers as to its total revenue, which was material information upon which Rutgers relied.

20.     HI CONSTRUCTION, in an inspection report dated August 5, 2016, represented that it does not do: structural changes to load bearing walls, roofing operations, exterior sheathing construction, interior trim and finish work, hardwood floor installations, exterior door/window installation, new residential/addition construction, electrical work, plumbing work, masonry work, HVAC work, and insulation work.

21.     HI CONSTRUCTION misrepresented its operations to Rutgers.

22.     HI CONSTRUCTION misrepresented its scope of work to Rutgers.

23.     HI CONSTRUCTION misrepresented its number of employees to Rutgers.

24.     HI CONSTRUCTION misrepresented its payroll to Rutgers.

25.     HI CONSTRUCTION misrepresented its total revenue to Rutgers.

26.     HI CONSTRUCTION misrepresented the amount of work that it subcontracts to Rutgers.

27.     Moreover, HI CONSTRUCTION is a licensed General contractor under Contractor ID 036957 N.

28.     Indeed, HI CONSTRUCTION has been granted dozens of permits as a general contractor from the Department of Buildings since 2007.

29.     Many of these permits show that HI CONSTRUCTION, prior to applying for a Policy with Rutgers, was involved in various types of construction work outside the scope of what was represented on its application for a Policy of Insurance with Rutgers, including but not limited to demolition work, plumbing work, sprinkler work, interior alterations, structural work, floor work, waterproofing, concrete work, and roofing work.

30.     HI CONSTRUCTION had a duty to report the scope of its work upon applying for a Policy and deliberately misrepresented itself in an effort to acquire a Policy with lower premiums by indicating that it only needed to be insured for and that the Policy's classification should be "Interior Painting."

31.     Furthermore, HI CONSTRUCTION was involved in various types of work during and after the Policy Period of the 2017 Policy that are outside the scope of its application, including but not limited to demolition work, plumbing work, sprinkler work, interior alterations, structural work, floor work, waterproofing, concrete work, and roofing work.

32.     HI CONSTRUCTION had a duty to report changes in its scope of work upon renewal, failed to do so, and ratified the representations contained within its application by permitting renewal without informing Rutgers of the changes in its scope of work.

33.     In addition, the 132 Perry Street Project which the Rasheed Claim concerns, was contracted for a mere nine (9) days after HI CONSTRUCTION's 2016 Policy with Rutgers went into effect, and that project concerned demolition, electrical, protection and waterproofing, concrete, framing and drywall, plumbing, millwork, flooring, metal and steel work, windows and

skylights, doors and appliances, HVAC and mechanical, and sprinkler work, none of which the Policies insure for.

34. Moreover, HI CONSTRUCTION obtained permits for the 132 Perry Street Project, a mere nine (9) days after the 2017 Policy went into effect, which permits were for various types of work including but not limited to installing new mechanical ductwork, installing new plumbing fixtures and related piping, installing new structural work, and demolishing and constructing interior partitions, ceilings, and doors.

35. Thus, HI CONSTRUCTION knew of the scope of its work as to the 132 Perry Street Project prior to obtaining the 2016 Policy from Rutgers, and prior to renewal, yet failed to disclose the changing nature of its work to Rutgers.

36. Therefore, HI CONSTRUCTION misrepresented itself in that it is a licensed General Contractor, has been engaged in work as a general contractor for years, does a broad spectrum of work that it did not disclose, substantially undervalued its payroll and income, has far more employees than it represented, performs demolition, plumbing, sprinkler, and floor work, and makes structural alterations.

37. Rutgers would not have issued any policy to HI CONSTRUCTION had it been aware of the foregoing information.

38. Rutgers would have issued vastly different Policies to HI CONSTRUCTION had it been aware of the foregoing information.

39. Rutgers therefore seeks a declaration form this Court that the policies issued to HI CONSTRUCTION by Rutgers be deemed rescinded and void.

40. Moreover, the claims at issue in the Rasheed Action are barred from coverage by the provisions of the Policies.

<u>**REQUEST FOR DECLARATORY JUDGMENT UPHOLDING DISCLAIMERS**</u>

41.      The Plaintiff repeats and re-alleges each and every allegation contained in this complaint number 1 through 40, as if fully set forth at length herein.

42.      The incident at issue in the Rasheed Claim noted above is not covered by the 2017 Policy in that it  occurred outside of the Policy Period of the 2017 Policy in that the work at the 132 Perry Street Project was contracted for July 18, 2016 and concluded prior to the 2017 Policy's inception.

43.      Form **GLDEC 0696** of the policies limits coverage to claims arising from "PAINTING INTERIOR BUILDINGS- NO TANKS" and there is no coverage for the Rasheed Claim as the damages in that matter do not derive from work performed by the insured within the Policy's listed classification.

44.      **SECTION I – COVERAGES, Paragraphs 2.b-n** of Form **CG 00 01 04 13** of the Policies reads as follows:

> **2. Exclusions**
> This insurance does not apply to:
> *     *     *
>
> b. **Contractual Liability**
>
> "Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:
> *     *     *
>
> (2)      Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract," and

(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*       \*       \*

**j. Damage To Property**

"Property damage" to:

**(1)**     Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)**     Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)**     Property loaned to you;

**(4)**     Personal property in the care, custody or control of the insured;

**(5)**     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\*        \*        \*

### k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

\*        \*        \*

### l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\*        \*        \*

### m. Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*        \*        \*

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

*        *        *

45.    Moreover, the Policies include also the following Endorsement on Form **AE 0146**, ed. 3/15, which states:

### PRE-EXISTING OR PROGRESSIVE DAMAGE OR DEFECT EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

I.    This policy does not apply to "bodily injury", "personal and advertising injury", or "property damage" which begins or takes place before the inception date of coverage, whether such "bodily injury", "personal and advertising injury" or "property damage" is known to an insured, even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving and even though the occurrence causing such "bodily injury", or "property damage" may be or may involve a continuous or repeated exposure to substantially the same general harm.

II.   All "property damage" to units of or within a single project or development and arising from the same general type of harm, whether known or unknown to any insured, shall be deemed to occur at the time of damage to the first such unit, even though, the existence, nature and extent of such damage or injury may change

and even though the occurrence causing such property damage may be or involve a continuous or repeated exposure to substantially the same general harm which also continues or takes place during the policy term**.**

\* \* \*

46. Policy Form **CG 2279**, ed. 4/13, located in the Policies, states the following:

### EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**1.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    **a.** Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

    **b.** Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

**2.** Subject to Paragraph **3.** below, professional services include:

    **a.** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

**b.** Supervisory or inspection activities performed as part of any related architectural or engineering activities.

**3.** Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

\*     \*     \*

47.     Likewise, Form **AE 0134**, ed. 6/14 is located in the Policies and states:

**EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

Description of your work:

**This Insurance does not apply to "bodily injury" or "property damage" arising out of the use of solvents or other flammable liquids in connection with Floor Finishing or refinishing, Cabinet Finishing or refinishing, or Sanding of any other surface on which such solvents or other flammable liquids have been applies.**

This endorsement applies to both ongoing and completed operations.

\*     \*     \*

48.     Moreover, the Policies contain the following endorsement entitled **"EXCLUSION – DESIGNATED WORK,"** Policy Form RCG 00 12 10 03, **Page 1 of 1,** wherein it states:

**EXCLUSION- DESIGNATED WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

Description of your work:

**This Insurance does not apply to "bodily injury" or "property damage" due to, or caused by, any installation, replacement, repair, or work of any kind, performed to any sprinkler system.**

**This Insurance does not apply to "bodily injury" or "property damage" due to or caused by, any installation, replacement, repair, or work of any kind, performed to any boiler.**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products – completed operations hazard" and arising out of "your work" shown in the Schedule.

\*    \*    \*

49.     Also, the Polices contain the following endorsement in Policy Form **CG 2186**, ed. 12/04:

## EXCLUSION – EXTERIOR INSULATION
## AND FINISH SYSTEMS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**  This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the following:

    **1.**  The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

      **2.** "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.

**B.** The following definition is added to the **Definitions** Section: "Exterior insulation and finish system" means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

      **1.** A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

      **2.** The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

      **3.** A reinforced or unreinforced base coat;

      **4.** A finish coat providing surface texture to which color may be added; and

      **5.** Any flashing, caulking or sealant

\*      \*      \*

50.    Relevant, the Policies contain Form **AE 0133**, ed. 1/14, which states the following:

### ROOFING OPERATION SPECIFIC EXCLUSION ENDORSEMENT

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
**COMMERCIAL UMBRELLA COVERAGE PART**

This insurance does not apply to bodily injury, property damage, personal injury or advertising injury arising out of or resulting from any **Roofing Operations.**

**"Roofing Operations"** is defined herein as any work involving, in whole or in part, the repair, removal, replacement and/or recovering of an existing roof, or any part or section thereof.

\*      \*      \*

51. Form **CG 20 33**, ed. 4/13 is located in all of the Policies and reads as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and

2. Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any

professional architectural, engineering or surveying services, including:

**a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

\*　　　\*　　　\*

52.　　Similarly, Form **AE 01 49**, ed. 11/15 is included in all of the Policies and states:

**ADDITIONAL INSURED – OWNERS, LESEES
OR CONTRACTORS – COMPLETED OPERATIONS –
AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN
CONTRACT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who is An Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in a "written contract" that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" performed for that additional insured and included in the "products-completed operations hazard".

However, the insurance afforded to such additional insured:
**1.** Only applies to the extent permitted by law; and

**2.** Will not be broader than that which you are required by the "written contract" to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

**a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**
The most we will pay on behalf of the additional insured is the amount of insurance.

**1.** Required by the "written contract" you have entered into with the additional insured; or

**2.** Available under the applicable Limits of Insurance shown in the Declarations;

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

**D.** The following is added to **4. Other Insurance**, part of **SECTION IV – COMMERICAL GENERAL LIABILITY CONDITIONS:**
If the "written contract" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to such additional insured.

**E.** As respects this endorsement only, The following Definition is added to **SECTION V – DEFINITIONS**

A "written contract" means that part of any written contract under which you are required to include a person or organizations as an additional insured, provided that the "bodily injury", "property damage", or "personal and advertising injury" occurs:

1.  After the signing and execution of the written contract by you;

2.  While that part of the written contract is in effect; and

3.  Before the end of the policy period.

*     *     *

53.     The 2017 Policy contains Form **CG 2131**, ed. 5/09, which states the following:

**"EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM"**,

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Description And Location of Operation(s):** |
| --- |
| "Any and all projects subject to a consolidated wrap-up" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

The following exclusion is added to Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury and Property Damage Liability:**

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

1.  Provides coverage identical to that provided by this Coverage Part; or

18

2.  Has limits adequate to cover all claims; or

This exclusion does not apply if the consolidated (wrap-up) insurance program covering your operations described in the schedule has been cancelled, non-renewed or otherwise no longer applies for reasons other than the exhaustion of all available limits, whether such limits are available on a primary, excess or on any other basis.  You must advise us of such cancellation, nonrenewal or termination as soon as practicable.

*      *      *

54.     The 2017 Policy contain Form **CG 2294**, ed. 10/01, which states:

**EXCLUSION – DAMAGE TO WORK PERFORMED BY
SUBCONTRACTORS ON YOUR BEHALF**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **l.** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

**1.  Exclusions**

This insurance does not apply to:

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

*      *      *

55.     Moreover, the 2017 Policy contains Form **CG 2234**, ed. 4/13, which states:

**EXCLUSION – CONSTRUCTION MANAGEMENT
ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2.**

**Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of

**1.** The preparing, approving, or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change order or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

**2.** Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the personal and advertising injury", involved that which is described in Paragraph **1.** or **2.**

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

\*    \*    \*

56.    Moreover, the Umbrella Policies contains the "**CONTRACTUAL LIABILITY LIMITATION**" endorsement, which is Policy form CG 21 39 10 93, which provides as follows:

The definition of "insured contract" in the DEFINITIONS Section
is replaced by the following:

"Insured contract" means:

a.    A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damages by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.    A sidetrack agreement;

c.    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement.

\* \* \*

57. Since the incident at issue in the Rasheed Claim occurred or began prior to the inception of the 2017 Policy, such claims are not covered by such policy.

58. To the extent the occurrence and damage asserted in the Rasheed Claim began prior to the inception date of the 2017 Policy, there is no coverage under that policy as to such claims pursuant to the Insuring Agreement and the "Pre-Existing or Progressive Damage or Defect" Endorsement.

59. The claims asserted in the Rasheed Claim are barred form coverage by operation of the "Painting Interior Buildings – No Tanks" classification in Form **GLDEC 0696** of the Policies.

60. The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"DAMAGE TO PROPERTY"** Exclusion listed on Form **CG 00 01 04 13** of the Policies.

61. The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"DAMAGE TO YOUR PRODUCT"** Exclusion listed on Form **CG 00 01 04 13** of the Policies.

62. The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"DAMAGE TO YOUR WORK"** Exclusion listed on Form **CG 00 01 04 13** of the Policies.

63.     The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"DAMAGE TO IMPAIRED PROPERTY OR PROPERTY NOT PHYSICALLY INJURED"** Exclusion listed on Form **CG 00 01 04 13** of the Policies.

64.     The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"RECALL OF PRODUCTS, WORK OR IMPAIRED PROPERTY"** Exclusion listed on Form **CG 00 01 04 13** of the Policies.

65.     The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"PRE-EXISTING OR PROGRESSIVE DAMAGE OR DEFECT EXCLUSION"** Endorsement, listed above, Form **AE 0146**, ed. 3/15.

66.     The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY"** Endorsement, listed above, Form **CG 2279**, ed. 4/13.

67.     The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the **"EXCLUSION – DESIGNATED WORK – SANDING AND SOLVENTS"** Endorsement, listed above, Form **AE0134**, ed. 6/14.

68.     The claims at issue in the Rasheed Claim are excluded from coverage under the 2017 Policy by operation of the **"EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM"** Endorsement, listed above, Form **CG 2131**, ed. 5/09.

69.     The claims at issue in the Rasheed Claim are excluded from coverage under the 2017 Policy by operation of the **"EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF"** Endorsement, listed above, Form **CG 2294**, ed. 10/01.

70. The claims at issue in the Rasheed Claim are excluded from coverage under the 2017 Policy by operation of the **"EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS"** Endorsement, listed above, Form **CG 2234**, ed. 4/13.

71. The claims at issue in the Rasheed Claim are excluded from coverage under the Policies by operation of the "**EXCLUSION-DESIGNATED WORK**" Endorsement, listed above, Form **RCG 0012**, ed. 10/03.

72. The claims at issue in the Rasheed Claim are excluded from coverage under the Policy by operation of the **"EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS"** Endorsement, listed above, Form **CG 2186**, ed. 12/04.

73. The claims at issue in the Rasheed Claim are excluded from coverage under the Policy by operation of the **"ROOFING OPERATION SPECIFIC EXCLUSION ENDORSEMENT"** Endorsement, listed above, Form **AE 0133**, ed. 1/14.

74. The claims asserted in the Rasheed Claim do not arise, in whole or in part, by HI CONSTRUCTION's acts or omissions, or the acts or omissions of those acting on HI CONSTRUCTION's behalf and therefore are not covered by operation of Endorsement **CG 20 33**, ed. 04/13

75. The claims asserted in the Rasheed Claim do not give rise to additional insured coverage for any party given the provisions of Endorsement **CG 20 33**, ed. 04/13, entitled **"ADDITIONAL INSURED – OWNERS, LESSEES, OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU."**

76. The claims asserted in the Rasheed Claim are not caused, in whole or in part, by "your [HI CONSTRUCTION's] work" performed for an additional insured and included in the

"products-completed operations hazard" and therefore are not covered by operation of Endorsement **AE 01 49**, ed. 11/15.

77.     The claims asserted in the Rasheed Claim do not give rise to additional insured coverage for any party given the provisions of Endorsement **AE 01 49**, ed. 11/15, entitled **"ADDITIONAL INSURED – OWNERS, LESSEES, OR CONTRACTORS – COMPLETED OPERATIONS – AUTOMATIC STATUS WHEN REQUIRED IN WRITTEN CONTRACT WITH YOU."**

78.     Rutgers has timely and properly disclaimed coverage to ANDREWS, HI CONSTRUCTION, KESHAVARZ, and RASHEED under the Policies as to all claims asserted in the Rasheed Claim.

79.     By reason of the foregoing, Rutgers is entitled to a declaration that it has no obligation for defense or indemnity as to any party regarding the Rasheed Claim.

**WHEREFORE**, Rutgers demands judgment declaring that the above-noted policies are rescinded *ab initio* and that it has no duty to defend or indemnify any party or pay any judgment asserted in the Rasheed Claim, such other relief the Court may deem just, proper and equitable.

Dated:      Mineola, New York
            May 8, 2020

                                        **MIRANDA SLONE**
                                        **SKLARIN VERVENIOTIS**
                                        *Attorneys for Plaintiff*
                                        RUTGERS CASUALTY
                                        INSURANCE COMPANY


                                              /s/
                              By:_____
                                        Steven Verveniotis
                                        240 Mineola Boulevard
                                        The Esposito Building
                                        Mineola, New York 11501
                                        (516) 741-7676
                                        Our File No.: 19-269